LEVY BROTHERS REALTY COMPANY, Plaintiff, *v.* CARLO ANTONINO, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 25, 1930.

*Hovell, McChesney & Clarkson,* for the plaintiff.

*Walsh & Stein,* for the defendant.

CHILVERS, J. Plaintiff, in February, 1926, granted to the defendant the privilege of removing waste paper from the tenants in the building owned by plaintiff for the period of one year, for which defendant promised to pay plaintiff $600 in equal quarterly installments. Shortly before the expiration of the year, the plaintiff and defendant agreed, orally, that the arrangement continue for another year. On February 1, 1928, after the expiration of the second year, the defendant paid $150 to the plaintiff and continued removing the waste paper up until May, 1929, for which he did not pay anything to plaintiff. This action is brought for recovery from the defendant for the period from February 1, 1928, to May, 1929, on the basis of the quarterly amounts theretofore paid for the privilege.

The grant to the defendant was sufficient to support the promise to pay the quarterly installments mentioned in the contract of 1926. Without it the defendant could not enter the premises even for the purpose of soliciting business from new tenants, assuming that he did deal directly with them. The term of the contract expired in 1927, and no further promise appears — certainly not after February, 1928. The original contract did not contain a promise *in futuro* on the part of the plaintiff; it was a present grant of license for a year. At the end of the year there was probably another grant — oral this time — for another year. Thereafter no grant appears. The defendant merely continued, after making a payment in February, 1928, to collect the refuse until May, 1929. No express promise to pay for this appears, and none can be implied. The license then was not for any definite time (*Chase* v. *Second*

*Avenue Railroad Co.*, 97 N. Y. 385), so there was not any promise to pay during the year. The plaintiff could have refused to permit the defendant to go into the building at any time. When he saw that the May, 1928, payment was not made, he could have told him to stay out unless it was made. Nor can I see a promise to pay implied in law by reason of unjust enrichment. There is no evidence of the value of the privilege, and the contract price in 1926 and 1927 is not sufficient, in my mind, to establish a value in 1929. There may have been vacancies in the latter year. Besides, a quasi-contractual obligation arises only when there is clear indication that the plaintiff expected to be paid for the benefit derived by the defendant. This is possibly negatived by the fact that the plaintiff permitted the defendant to go on collecting the refuse from February, 1928, to May, 1929, without telling him to stop for non-payment.

Judgment for defendant.